King, J.
The plaintiff brought his action to recover upon a promissory note, dated April 1, 1891, payable on or before April 1, 1894, for the sum of $260.00 signed by the defendants John J. Uluery and John L. Van Eman.
The answer of the defendant avers that upon March 7, 1893, they tendered the plaintiff in payment of said note the sum of $290.16, being the amount then due thereupon, and that plaintiff refused to accept said sum or to surrender said note to the defendants, who have ever since been ready and willing to pay it.
There was a reply denying the tender and setting up special circumstances attending it. The trial resulted in a verdict for the plaintiff of $290.16, the amount claimed to have been tendered, and the plaintiff seeks to reverse that judgment because he claims he was entitled to recover the interest thereon after the time the tender is claimed to have been made, and up to the time of judgment, and also his costs. There are many exceptions to the evidence offered and to the charge of the court, but the principal question argued by counsel is whether the defendant made o.ut by his evidence the allegation of his answer relaiing to this tender. There is one further exception, relating to the misconduct of the counsel for the defendant. The defendant John J. Uluery, testifies that on or about March 7, 1893, he offered to the plaintiff the amount then due upon a promissory note. This amount, I should say, is not in dispute. It is conceded tobe $290.16. Defendant further testifies that, the plaintiff would not take the money, and he gave no reason that witness remembers of. On cross-examination, he testifies that he made the tender, and that plaintiff refused it, and then says that was all there was of it at that time. Further testifying, on cross-examination, he says, that there was more of it; that he, the plaintiff, was to *89 cancel the mortgage, so far as he had any interest in it. Then again, he says he was to cancel the mortgage; also that he offered the money to the plaintiff on condition that he should give up the note and release the mortgage. And. on page 10, of the Bill of Exceptions, he testifies, that he never has been ready to pay the money except upon the condition that the plaintiff would release tüe mortgage. The undisputed testimony in the case further shows that on April 1, 1891, the defendants executed their three promissory notes of that date, payable on or before the 1st day of April, of the year 1892, 1898 and 1894, respectively, to the order of Esther A. Bushong,for $260.00-each. That while Bushong was the owner of the same, and before payment, she sold and transferred the notes to the plaintiff, and indorsed each of them: “Pay to the order of Joseph Redfern. Esther A. Bushong.” The evidence further shows that at the date above named, the defendants executed their mortgage upon certain premises, which recites that the consideration was $780.00, the face of the three notes, but the condition provides, that whereas the mortgagors have executed and delivered to the said Esther A. Bushong their four promissory notes of even date therewith, each for $260,payable in one, two and three years from date, with interest at six per cent. At the time of the transferring of the notes, the mortgage was also transferred to the plaintiff, and duly assigned in writing indorsed thereon, signed by the mortgagee. That some time after the purchase of the three notes, which the evidence shows are all that were in fact given, the plaintiff sold and delivered one of the notes to a man by the name of Shoup, but did not indorse it to him, and there is some evidence tending to show that the plaintiff was claiming payment from Shoup for the note so sold, and had not 'endorsed it to him because he had not been paid for it. This may be an inference from the testimony, rather than the testimony itself. However, there is testimony tending *90 to show that the plaintiff notified the defendant Uluery, who is the principal defendant,not to pay the note toShoup, and there is some evidence tending to show that Uluery told the plaintiff that he should pay it, or rather that he should buy it, but the evidence is not clear nor undisputed that at the time when it is claimed the tender was made, that Uluery had paid and taken up the note. Thereupon,on the 7th day of March, 1893, nearly before the note by its terms became due and payable, he made';'the^tender, which he testifies to in the language referred to'above. As to that tender, it is clear from the evidence that the plaintiff refused to accept it. The evidence of the.ifplaintiff upon thq point iix question is not clear, but it is clear from-the testimony of a disinterested witness,McKee, that at the time when that ender is claimed to have been made, Uluery came into McKee’s office, and said: “I want you to count this money,” and laid down a package of money, wihch McKee counted and said to be $290.16. Uluery then said to the plaintiff, in the presence of McKee: “There is the money, and I want the note and the mortgage released,” and the plaintiff declined to accept it. Thereafter, and on March 9, Uluery having notified either McKee or the’plaintiff that he should deposit the money in the bank, McKee,under authority from the plaintiff, went to the bank on March 9, and offered to take the amount, $290. 16, and to release the mortgage, so far as the plaintiff’s claim was concerned. And the person in the bank, having control thereof,declined to pay the money or to accept such a release, or any release except a release of the mortgage in full. From this evidence it appears, as I have quoted most of it that is material, that the undisputed facts in the case were that the defendant^Uluery tendered the amount due upon the note at that date, coupled with the condition that the plaintifffshould deliver him the note and also the mortgageA-eleased,or give a release of the mortgage upon his property, and that this was .de *91 dined, and that there was then, as the plaintiff knew, an outstanding note, which might or might not have been paid at the time. As to the payment of that note, the defendant says nothing further than that he bought it, implying that that he had paid less than was due upon it. He does not say that he had paid it, nor does he say that he told the plaintiff that he had paid it, nor did he produce the noteas evidence of his good faith in making the statement, but he says that he had bought it. It is claimed by the plaintiff that the defendant had no right to attach any condition to his tender whatever. I do not intend to go into a discussion of that question, as there stated. Although I think, on the whole, the law may be fairly stated to be, that a tender must be a free from any condition to which he creditor may rightfully object. Whether he might rightfully ob-' ject to cancel a mortgage and deliver it up at the time of the tender of .payment of the whole debt secured thereby, is a question that I will not discuss. It does not arise in this case. This tender unqualifiedly was accompanied by a condition. Had the plaintiff any right to object to fulfilling that condition? The outstanding note had been placed in circulation by him under a contract between him and the purchaser, which may or may not have been fulfilled; but the plaintiff was insisting that it had not been fulfilled. To that end, and for the purpose of protecting himself, he had not indorsed the note, and as the evidence shows, that the plaintiff notified the defendant not to pay the note, and that the defendant understood that plaintiff was claiming something on account of that note from the purchaser. Without any attempt on his part to satisfy the plaintiff that that note had been paid and taken up by its maker, he tendered^the money with his unqualified demand for the release of thejnortgage for the entire debt. We do not think that he was entitled to attach that condition to a tender,and that when so attached, it rendered his tender invalid, and the *92 plaintiff was not bound to accept it. In other words, he might rightfully object to the cancellation of the mortgage, although assigned to him, when he knew that there was an out-standing note, about which there had been a dispute between him and the defendant, and upon which he was still making a claim against the assignee from him, and of the payment of which he had no positive knowledge. In other words, such a tender was not within the meaning of the law, as held by all of the authorities, an unconditional tender. For, I take it, that the words “unconditional tender”, as used in the cases, are not modified by any of the decisions, although some define these words differently. The strongest case cited for the defendant is in 118 N. Y. 165, and yet it goes.no farther than the general statement of the doctrine which I have already made, that the tender must be free form a condition to which the creditor may rightfully object. There are cases, many of them, holding that the maker of a note cannot insist at the time he makes a tender of the amount due, upon a surrender of the mortgage securing the debt; but as I have said, upon this point the decisions are not uniform, and that question is not fairly raised in this case.
A good many authorities have been cited to the court which have all been examined so far as they could be reached.
A case is cited from the 40th Michigan Reports page 614. In this case a mortgagee of chattels had taken possession under his mortgage, and sold a part of the property at a sale thereof; the mortgagor tendered payment of the mortgage debt on condition that the whole property be returned,and the tender was refused. The court held, that a tender is not good if made upon an impossible condition, or one which the person making it had no right to impose. So that case, in our judgment, does not support the claim of the defendant here, and is is an authority assisting the doctrine which I have already stated.
*93 In tbe 41 Michigan Reports, at page 719, another case is cited by the defendant in error. The case arose upon -a demurrer to a complaint averring a tender of the full amount of the mortgage debt, and demanding an assignment of the mortgage. This tender and demand was made by a subsequent mortgagee. The court sustained the demurrer and dismissed the complaint, and the Supreme Court held that the complainant was entitled to put in his proof and have the case come up on the facts.
In the 45th Michigan Reports, at page 14,is another case, and it simply holds that a tender may be coupled with conditions such as the party has a right to make,and is entitled to prove the payment or tender of the amount legally due, and this case cites the two previous cases.
In the 53 N. W. Rep.,page 809 is a case also reported in the 52nd Minn., page 38 and it holds that a tender by a debtor to a creditor (who in good faith asserts that the amount tendered is .insufficient) is not good as a tender if it be coupled with a demand for the surrender of the notes. The case cited in the 48 N. W. Rep. and 32 Neb., page 40, was an action brought against the assignee of a mortgage to recover $40.00 actual damages and $100.00 penalty for failing to enter a release of the mortgage when the same was paid and satisfied and tbe defendant requested to release the same, and the sum allowed by law lor such release was tendered. This case arose under a statute of that state which provides that any mortgagee or his personal representative or assignee after full performance of the conditions of the mortgage, who shall for the space of seven days after being thereto requested, and after tender of his reasonable charges,refuse or neglect to discharge the same,shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars damages and all actual damages occasioned by such neglect or refusal, and under that statute the court heid that such assignee was liable in that action for the *94 actual damages sustained, which the jury had found to be the sum of forty dollars.
J. Blackford, Dodge & Canary, attorneys for plaintiff.
Troup & Dunn, attorneys for defendants.
None of these oases change or impair the rule as I have already stated it.
In this connection the court was requested to charge, and did charge the jury the following, being the third request submitted by the plaintiff:’ — '“The plaintiff had no right to release the mortgage as to any note which the plaintiff did now own, nor to any on which he did not receive payment. If the plaintiff did not own all the notes,she could not legally release the mortgage as to any note owned by another perón, and the defendant’s demand that he should release or be paid the $290.16 on March 7th, 1893, would vitiate the tender. ’ ’
We think that was a fair statement of the law applicable to the case, but the trouble in this case is, that the jury have disregarded that instruction. If they had followed that instruction, under the evidence in this case, they must have rendered a verdict for the plaintiff for the full amount due upon the note, which was agreed to be at the time of the trial of the case $321.72; for the case, as shown by the evidence, was just the case presented by that request to charge, and clearly “the jury did not follow that part of the charge of the court.
Having said this much, it follows upon the undisputed facts of the case, as fairly shown from the evidence, that plaintiff was also entitled to have given the sixth request, which the court refused, which is as follows: — “The court instructs the jury that on the evidence offered before you, your verdict should be for the plaintiff for the amount claimed by him in the petition, amounting to the sum of $320.00 up to the first day of this term of court.’’
Because the court refused to give that charge, and because the verdict is not supported by sufficient evidence, the judgment of the Court of Common Pleas will be reversed.